# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL A. CLARK,
#95771,

  *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

  *Respondents.*

2:10-cv-02025-KJD-LRL

ORDER

  This habeas action comes before the Court on petitioner's application (#1) to proceed *in forma pauperis*, motion (#2) for appointment of counsel, and motion (#3) to raise his institutional copy credit limit. As discussed further below, petitioner submitted these materials without a petition for a writ of habeas corpus.

  On the application to proceed *in forma pauperis*, the Court finds that petitioner is unable to pay the $5.00 filing fee, and the application therefore will be granted.

  On the motion for appointment of counsel, petitioner seeks appointment of counsel to draft a "supplemental brief" to a "*pro se* brief" that he has not yet filed herein. As a general matter, in noncapital habeas cases, the Court does not appoint counsel to draft a petition, supplemental petition, or other paper in advance of the filing and screening of a *pro se* petition. Petitioner himself must file a petition in this matter. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See, e.g., Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Under 18 U.S.C. § 3006A(a)(2)(B), a district court may appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines

that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965). In the present case, on the showing made, petitioner has demonstrated a quite adequate ability to articulate and present his claims and contentions. The Court finds that the interests of justice do not require that counsel be appointed in this matter, and the motion therefore will be denied.

The Court notes in this regard that petitioner attached with the counsel motion fifteen pages "case statement" containing unsworn unsigned allegations. Out of an abundance of caution, the Court will give petitioner thirty days within which to mail a petition to the Clerk of Court for filing. The Court expresses no opinion as to whether any such claims in such a petition would relate back to the unsworn unsigned "case statement" in the event of any issue as to the timeliness of a claim or claims in the petition.

The Clerk will provide petitioner two copies of a noncapital Section 2254 petition form. Under Local Rule LSR 3-1, petitioner must use the petition form. He must state his claims within the body of the petition itself. He thus may not use a *pro se* brief to set forth claims, allegations, and arguments that are not contained in the petition on the required form. He further may not cross-reference or incorporate other documents and materials in order to state his claims. Again, he must set forth his allegations within the body of the petition form.

Turning to the motion to raise petitioner's institutional copy credit limit, petitioner asserts that he has exceeded the $100.00 maximum credit limit for legal copies with a current credit balance of $193.00. He seeks approval of a total of $700.00 in copy costs at ten cents per page. He seeks: (a) $50.00 for copies for two non-habeas, non-civil rights cases filed against business partners; (b) $178.00 for extensive copying in connection with a civil rights complaint against ten defendants; (c) $137.00 for four copies of a 125-page federal habeas petition for the present case together with 150 pages of attached transcripts, including a file copy of his only original, a "conform" copy for filing, and, apparently, two copies for service;

(d) $40.00 to send another copy of his federal petition and attachments to counsel appointed for him; (e) $100.00 for copying identified only as "miscellaneous;" and (f) $195.00 to clear his current accrued and unpaid copy credit charges from his state habeas proceedings.

The Court will grant a copy credit increase of only $20.00, which is more than sufficient for petitioner to file a federal petition herein.

First, with respect to the present action, petitioner need only preserve a file copy of what he mails to the Clerk. Following screening, the Court will direct that the Clerk send a copy of the petition filed to petitioner. He thus need not send a conform copy in this case. If service is ordered following screening, the Court will direct that the Clerk send a copy of the petition to respondents. He thus does not need service copies of the petition. Counsel has not been appointed, so petitioner does not need an additional copy for counsel. If counsel were appointed, the Court would direct that the Clerk send a copy of the petition to counsel.

In this same vein, petitioner does not need to send 150 pages of transcripts with his petition. He instead must attach only copies of the written state court decisions regarding his conviction and sentence. If, following screening, the Court needed to review state court record materials, the Court would enter an appropriate order in this regard.

A copy credit increase of $20.00 thus is more than sufficient to enable petitioner to file a federal habeas petition.

Second, petitioner has no right to state or federal governmental assistance to pursue general civil litigation other than habeas matters or civil rights matters regarding the conditions of his confinement. *Lewis v. Casey*, 518 U.S. 343, 354-55, 116 S.Ct. 2174, 2181-82, 135 L.Ed.2d (1996). If petitioner pursues other general civil litigation against other parties, he will have to bear that expense and will have to do so with other than governmentally-provided resources. That may mean that petitioner may have to make a judgment as to which litigation he wishes or needs to pursue the most. Not every person in the free world is able to pursue every litigation matter that they otherwise might pursue if they had more resources to bring to bear. Being in prison does not give rise to petitioner having a right to pursue general civil litigation with the use of governmentally-provided resources. *Lewis, supra.*

Third, the Court will not enter any order in this action regarding copying charges incurred or to be incurred in other state or federal actions. Such charges do not pertain to the present action, which is the only matter considered here.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED such that petitioner will not be required to pay the $5.00 filing fee.

IT FURTHER IS ORDERED that the motion (#2) for counsel is DENIED.

IT FURTHER IS ORDERED that the motion (#3) to raise petitioner's copy credit limit is GRANTED IN PART and DENIED IN PART, such that the Nevada Department of Corrections shall increase petitioner's copy credit limit by $20.00.  **If petitioner exhausts this amount on other copying rather than for the filing of a federal habeas petition, the copy limit will not be raised again**.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall mail a federal habeas petition to the Clerk of Court for filing that is on the Court's required Section 2254 petition form, together with copies of all state court written decisions and remittiturs regarding his conviction and sentence.  **Petitioner shall place the docket number for this action on the petition in the appropriate space**.

This action will be dismissed without further advance notice if petitioner fails to both fully and timely comply with this order.

The Clerk of Court shall send petitioner two copies of a noncapital Section 2254 petition form along with one copy of the instructions for same.

The Clerk further shall send a copy of this order to the attention of the **Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702**.

DATED: November 22, 2010

_____
KENT J. DAWSON
United States District Judge